UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FERNANDO ANDRES BURLANDO,
an individual,
    Plaintiff,

v.

EUGENIO CURATOLA,
an individual, and
Curatola Corporation,

    Defendant,
_____/

CASE NO.:

07-21279
CIV-JORDAN
/ TORRES

## COMPLAINT

COMES NOW Plaintiff, Fernando Andres Buralando (hereinafter "Plaintiff"), a citizen of Argentina, by and through undersigned counsel, and files this, his Complaint for damages in breach of contract, unjust enrichment, and worthless check writing, and sues Defendant, EUGENIO CURATOLA, (hereinafter referred to as "Defendant"), for damages and as grounds states:

### INTRODUCTION

1.     This is an action to recover monetary damages in the form of unpaid fees arising from a contract (hereinafter referred to as "Contract"), between the Plaintiff and the Defendant

### JURISDICTION

1

2. Jurisdiction is conferred on this court by 28 U.S.C. § 1332. Damages suffered by the Plaintiff exceed seventy-five ($75,000) thousand dollars.

3. Defendant is resident of Miami-Dade County, Florida, United States of America, and has, at all times material to this action resided within said location.

4. Plaintiff is a foreign national; specifically, a citizen and resident of the Argentine Republic.

## VENUE

5. Venue is proper in the United District Court for the Southern District of Florida, Miami Division, because Defendant, EUGENIO CURATOLA, at all times material hereto, resided in Miami, Florida, a city within the United District Court for the Southern District of Florida, Miami Division, and where the Defendant is subject to personal jurisdiction. Venue is proper and conferred on this court by 28 U.S.C. § 1391.

6. The Breach of Contract which is the subject of this action occurred in Miami-Dade County, Florida.

## PARTIES

7. Defendant, a resident of Miami, Florida, hired and contracted with Plaintiff, a an attorney in Argentina, to exclusively represent Defendant and Defendant's company, CURATOLA CORPORATION (an inactive Florida Corporation), in a legal dispute in involving money deposits wrongfully held by a third party.

## FACTS

8. On, or about, October 8, 2005, the parties to this action entered into a Contract, a copy of which is attached hereto and incorporated by reference as **Exhibit A.**

9. The Contract is a contingency agreement where the Plaintiff was hired to represent the Defendant and the Defendant's company in a legal dispute where a third party was wrongfully holding monies of the Defendant.

10. The Contract provided that in the case where the matters was resolved successfully for the Defendant then the Defendant was obligated to pay a percentage of the award to the Plaintiff.

11. The matter was resolved successfully in favor of the Defendant.

12. The Defendant then proceeded to pay the Plaintiff $600,000 which represented the amount owed to the Plaintiff under the contract.

13. The Defendant paid this amount in the form of a corporate check numbered #118, and dated January 31, 2006, from Curatola Corporation's corporate bank account Sofisa Bank.

14. Plaintiff deposited this check into his bank account and was notified by his banking institution that the check paid by the Defendant, failed to clear due the Defendant's Bank account had been closed.

## COUNT 1

## BREACH OF CONTRACT AS TO BOTH DEFENDANTS

15. Plaintiff re-alleges and re-adopts paragraphs 1 through 14, above, as though fully restated herein.

16. The Parties entered into and executed a contract for legal representation on October 8, 2005.

17. Under the terms of the Contract, Plaintiff, performed legal services and successfully resolved the Defendant's legal dispute.

18. The Plaintiff is owed the amount of $600,000 per the terms of the contract for resolving the legal dispute successfully in favor of the defendant.

19. Defendants attempted to honor the contract by paying the amount of $600,000 via a check numbered #118, and dated January 31, 2006, from Curatola Corporation's corporate bank account Sofisa Bank.

20. Defendant breached the contract when the check paid by the Defendant, failed to clear due the Defendant's Bank account had been closed.

21. Plaintiff has incurred damages including loss of his own personal monies to resolve the legal dispute, his time and effort spent on the matter, and all monies due to Plaintiff arising from the Contract.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest costs, court costs, and all other relief that this Court may deem just and proper.

## COUNT II

### UNJUST ENRICHMENT AS TO BOTH DEFENDANTS

22. Plaintiff re-alleges and re-adopts paragraphs 1 through 14, above, as though fully restated herein.

23. The Plaintiff has conferred a benefit on the Defendant through the Plaintiff by resolving the Defendant's legal dispute successfully in favor of the Defendant.

24. The Defendant voluntarily accepted and retained the benefits of the Plaintiff's services and although the Defendant attempted to pay for the Plaintiff's services, the Defendant failed to remunerate the Plaintiff according to the terms of the Contract.

25. The circumstances are such that it would be inequitable for the Defendant to retain the benefits of the Plaintiff's services without paying the value thereof to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest costs, court costs, and all other relief that this Court may deem just and proper.

## COUNT III

## WORTHLESS CHECKS PURSUANT TO FLORIDA STATUTE 68.065

26. Plaintiff re-alleges and re-adopts paragraphs 1 through 14, above, as though fully restated herein.

27. The check was presented for payment to the Plaintiff's bank, but payment was refused due the Defendant's Bank account being closed.

28. Plaintiff holds the check and he has not been paid.

29. Defendant owes Plaintiff $600,000 for the check numbered #118, and dated January 31, 2006, from Curatola Corporation's corporate bank account Sofisa Bank.

30. Defendant, Curatola Corporation, was maker and drawer of all the check amounting to $600,000 owed to Plaintiff.

31. Plaintiff demanded in writing pursuant to Florida Statute §68.065, that Defendant tender to Plaintiff the amount of the check plus five percent of the

collective amount of the check within 30 days of receiving the letter. A copy of the letter is attached as Exhibit "B".

32. More than 30 days have lapsed since Defendant received the letter.

WHEREFORE Plaintiff demands the amount of the checks ($600,000) plus three times their amounts, pursuant to Florida Statute §68.065, service charges, bank fees, interest, attorney's fees, costs, including the cost of collection, and for all other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 15TH, 2007

Respectfully submitted,

By: _____
Oscar E. Sanchez, Esq.

Florida Bar# 0140406
Oscar E. Sanchez, P.A.
701 Brickell Key Boulevard, Suite CU-1
Miami, Florida 33131
Telephone (305) 416-0060
Fax (305) 416-9310

# **EXHIBIT A**

## **PROFESSIONAL FEES AGREEMENT**

BETWEEN Mr. EUGENIO CURATOLA, DNI #16,607.445 residing at Esmeralda 684 2nd Floor in Buenos Aires, who represents himself as President of CURATOLA Y ASOCIADOS S.A. (CURATOLA AND ASSOCIATES S.A.) Introducing Broker "Vanderbilt Management Group Ltd" on one side; and Mr. FERNANDO ANDRES BURLANDO, residing at Alicia M. de Justo 740 1st Floor in Buenos Aires on the other hand. They agree on this Professional Fees Agreement following the clauses as follows:

**FIRST**: Mr. EUGENIO CURATOLA and/or CURATOLA Y ASOCIADOS S.A. require the professional services of Mr. FERNANDO BURLANDO for him to provide legal advise on judicial and extra judicial actions on money deposits done by Argentinean residents to the account of the broker "Vanderbilt Management Group Ltd" (FOREXVAN) located in the Virgin

Islands in the Bermuda Commercial Bank Ltd in the Bermuda Island.------------------------------------------------------------

**SECOND.** The parties agree in establishing as professional fees for that professional work the amount of US$600,000 (United States dollars) which will be effective in the following manner:
a) the amount of US$5,000 at the signing of this agreement, This document will serve as receipt and letter of payment,
b) The rest of the money in two monthly payments, which will be the same and consecutive for US$275,000 with due date will be the 10th day of each month since November 2005. Since the second month of work will be a fixed monthly payment of US$ 7,000 which will be paid between the 1st and 10th day of each month----------------------------------------

In case of restitution agreements with the advised, it will be considered a reduction on the amount set by the house broker, which is shown on the screen of his web site. Mr. Curatola in representation is committed to the payments of fees to Mr. Burlando according to the following clauses, if the cap reaches the 70 % of the screen, 2% of the reduction will be added.

Over the percentage of the cap, which exceeds the 70%, it will be 5% added of additional fees.

**THIRD** The revocation of the power or unilateral reversal by the claimant will not annulled this agreement, it will affect the terms agreed and grants right to the attorney to retain the monies already received and to claim the total fees of the payments already received or to request the accredited payments.

**FOURTH**, the terms agreed in this agreement to comply with the assumed obligations by Mr. EUGENIO CURATOLA and/or CURATOLA Y ASOCIADOS S.A. are compelling operating on the delay of the payment of those terms, without the need of the creditor to use a court decision, becoming this agreement as executive title for the total amount of the debt. The expiration of term of one of the payments agreed will imply the breach of the terms agreed, this will enable the creditor to proceed against Mr. EUGENIO CURATOLA and/or CURATOLA y ASOCIADOS S.A. the legal actions of the case in order to request payment of the unpaid monies, plus the interest.

For these effects this agreement will operate as executive title enough for the promotion of the legal actions Articles 518, 521 according to the CPCC----------------------------------------------

**FIFTH.** For all the effects of this agreement the addresses written at the beginning of the document will be used.----------

**SIXTH**. It is agreed on the ordinary justice of Buenos Aires for the resolution of any legal action as consequence of the celebration, interpretation or application of this agreement.-----

In the city of Buenos Aires on the 8th day of the month of October 2005, two copies of this document and the original are signed

(Handwritten)  October

US$6000,000
US$50,000
US$ 275,000/ US$7,000

      Signed Illegible)                      Signed Illegible)

## CONVENIO DE HONORARIOS:

**ENTRE** el señor EUGENIO CURATOLA, D.N.I. 16.607.445, con domicilio en Esmeralda 684 piso 2º de la ciudad de Buenos Aires, quien lo hace en su propio nombre y en el carácter de presidente de "CURATOLA & ASOCIADOS S.A.", Introducing Broker de la casa "Vanderbelt Management Group Ltd.", por un parte; y el Dr. FERNANDO ANDRES BURLANDO, con domicilio en Alicia M. de Justo 740 piso 1º of. 16 de la ciudad de Buenos Aires, por la otra, convienen en celebrar el presente **CONVENIO DE HONORARIOS**, el que se regirá por las cláusulas que seguidamente se detallan:-----------------------------------------

**PRIMERA:-** El Sr. EUGENIO CURATOLA y/o "CURATOLA & ASOCIADOS S.A." requiere los servicios profesionales del Dr. Fernando Burlando para que el mismo lo asesore jurídicamente ante eventuales acciones judiciales y/o extrajudiciales vinculadas con los depósitos que fueran efectuados por residentes argentinos en la cuenta que la Casa Broker "Vanderbelt Management Group Ltd" (FOREXVAN) con domicilio en las Islas Vírgenes, posee en el "Bermuda Commercial Bank Limited" ubicado en las Islas Bermudas.------------------------------

**SEGUNDA:-** Las partes convienen en establecer como honorarios por dicha labor profesional la suma inicial de U$S 600.000 *dólares estadounidenses seiscientos mil* ----

la que se hará efectiva de a siguiente forma: a) la suma de U$S 50000 (cincuenta mil dolares) a la firma del presente convenio, sirviendo este documento de suficiente recibo y carta de pago; b) el remanente en en dos cuotas mensuales, iguales y consecutivas de U$S 275.000 con vencimiento los días diez de cada mes a partir del mes de noviembre de 2005. A partir del segundo mes de tareas se establece el pago de un canon mensual fijo de U$S 7.000 (siete mil dolares) que se abonará entre el día 1 y 10 de cada mes.----------------------------------------------

Para el caso de efectuarse convenios de restitución con los asesorados, que contemplen reducciones respecto del monto que la casa Broker informa actualmente por pantalla en su página web, el Sr. Curatola merced la representación que invoca se compromete al pago de los honorarios del Dr. Burlando de acuerdo a las siguientes pautas: si la quita alcanza al 70 % del monto de pantalla se abonará un 2% de la reducción. Sobre el porcentaje de quita que exceda el 70% se liquidará un adicional de honorarios que ascenderá al 5%.-----------------------------

**TERCERA:** La revocación del poder o rescisión unilateral por el mandante, no anulará el presente convenio, produce el decaimiento de los plazos acordados y otorga derecho al letrado para retener los importes ya percibidos y de reclamar el pago total de las cuotas

percibidos y de reclamar el pago total de las cuotas adeudadas.------------

------------------------------------------------------------

**CUARTA:-** Los plazos fijados en el presente acuerdo para el cumplimiento de las obligaciones asumidas por Sr. EUGENIO CURATOLA y/o "CURATOLA & ASOCIADOS S.A." resultan perentorios, operando la mora por el sólo transcurso de tales plazos, sin necesidad de que el acreedor deba formular interpelación judicial o extrajudicial alguna, transformándose el presente en título ejecutivo por el total de la deuda.- El sólo vencimiento de una de las cuotas convenidas implicará el decaimiento de los plazos otorgados, quedando desde entonces formalmente habilitado el acreedor para promover contra Sr. EUGENIO CURATOLA y/o "CURATOLA & ASOCIADOS S.A." las acciones legales del caso destinadas a hacer efectivo el cobro del saldo adeudado, con más los intereses del caso. A tales efectos, el presente convenio operará como título ejecutivo suficiente para la promoción de las acciones legales pertinentes. Art. 518, 521 y concordantes del CPCC--------------------------

------------------------------

**QUINTA:** A todos los efectos del presente, las partes constituyen domicilio en los sitios indicados en el encabezamiento del presente, donde se

**SEXTA:** Se conviene la competencia de la justicia ordinaria de la ciudad de Buenos Aires para la resolución de cualquier litigio que se suscite como consecuencia de la celebración, interpretación y/o aplicación de este convenio.----------------------------------------------------------------

En la ciudad de Buenos Aires, a los ...8...... días del mes de ~~noviembre~~ Octubre de 2005, se firman dos ejemplares de un mismo tenor y a un sólo efecto.-

*oct: Octubre: vale*

*Llenad: 600.000, dólares estadounidenses seiscientos mil : vale*

*50.000 (dólares EEUU cincuenta mil)*

*275.000, 7000 (siete mil) todo "vale"*

≈JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

**07-21279**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Fenando Andres Burlando

### DEFENDANTS
Eugenio Curatola and Curatola Corporation

**CIV-JORDAN**
**/TORRES**

(b) County of Residence of First Listed Plaintiff  **Foreigner**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Miami-Dade**
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Oscar E. Sanchez, P.A.
701 Brickell Key Blvd, CU-1
Miami, Florida 33131

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-21279-cv-Jordan-Torres

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

JUDGE                        DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 1332 confers jurisdiction on federal court to hear cases based on diversity of jurisdiction

LENGTH OF TRIAL via  1   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  5/15/07

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 955780

05/17/07